# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Chad E. Ruddick,

       Plaintiff,

v.

Breg, Inc.; LMA North America, Inc.;
I-Flow Corporation; DJO, LLC; DJO Incorporated;
McKinley Medical, LLC; Moog Inc.;
Curlin Medical Inc.; Stryker Corporation;
Stryker Sales Corporation; Advanced Infusion, Inc.;

       Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-234 ADM/JSM

___

Yvonne M. Flaherty, Esq., Lockridge Grindal Nauen PLLP, Minneapolis, MN, and Greg L. Laker, Esq., Cohen & Malad, LLP, Indianapolis, IN, on behalf of Plaintiff.

Molly J. Given, Esq., John D. Sear, Esq., and William N.G. Barron, IV, Esq., Bowman and Brooke LLP, Minneapolis, MN on behalf of Defendant Breg, Inc.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of change of venue pursuant to 28 U.S.C. § 1404(a). By Order [Docket No. 26] dated August 27, 2010, the Court directed the parties to file briefs addressing (1) whether this action should be transferred to another district pursuant to § 1404(a), and (2) to which district this action should be transferred assuming that transfer is appropriate. Both parties have now responded. For the reasons set forth below, the case will be transferred to the United States District Court for the Western District of Missouri.

## II. BACKGROUND

In 2002, Plaintiff Chad E. Ruddick ("Ruddick"), underwent shoulder surgery performed

by Dr. John Ogden ("Dr. Ogden") at Freeman Health System in Joplin, Missouri. Compl. [Docket No. 1] ¶ 23. Ruddick continued experiencing shoulder problems, and Dr. Ogen performed a second surgery on Ruddick's shoulder in January 2007. Id. ¶ 25. During both surgeries, Dr. Ogden affixed a "pain pump" to Ruddick's shoulder. Id. ¶¶ 22, 24. Pain pumps are used to manage post-operative pain and inject medication directly into a patient's shoulder joint. Id. ¶ 1.

Pain pumps have been linked to chondrolysis, a condition occurring when the cartilage in a joint is lost. See id. ¶ 3. Ruddick alleges that the anesthetic medication released by his pain pumps destroyed the cartilage in his shoulder causing chondrolysis. Id. ¶ 28.

Ruddick is a resident of Columbus, Kansas. Id. ¶ 9. Dr. Ogden is an orthopedic surgeon based in Joplin, Missouri. Id. ¶ 22. Both Joplin, Missouri and Columbus, Kansas are located within twenty miles of the Kansas-Missouri border. See Google Maps, http://maps.google.com (last visited November 19, 2010) (follow "Get Directions"; then enter "Columbus, KS" and "Carl Junction, MO") (showing driving distance from Columbus, Kansas to Carl Junction, Missouri to be about seventeen miles); id. (follow "Get Directions"; then enter "Joplin, Mo" and "Galena, KS") (showing driving distance from Joplin, Missouri to Galena, Kansas to be less than eight miles).

Ruddick brought suit in the United States District Court for the District of Minnesota (the "District of Minnesota") against eleven entities involved in the manufacture, sale, and distribution of pain pumps. Defendant Breg, Inc. ("Breg"), which allegedly manufactured the pain pump used in Ruddick's 2004 surgery, is the only remaining defendant. The instant case is one of thousands of products liability lawsuits, many involving pain pumps, brought in this

2

District, presumably to take advantage of Minnesota's liberal six-year statute of limitations period. See, e.g., Evans v. Breg, Inc., Civil No. 10-175, 2010 WL 2985691, *1 (D. Minn. July 26, 2010) (noting existence of thousands of product-liability actions in District of Minnesota and noting that vast majority were filed to take advantage of statute of limitations).

After reviewing the Complaint, the Court noted this case's lack of connection to Minnesota and directed the parties to prepare briefs addressing transfer. Breg advocates transfer to the United States District Court for the District of Kansas (the "District of Kansas"). Ruddick argues that transfer is inappropriate, but if transfer is ordered it should be to the United States District Court for the Western District of Missouri (the "Western District of Missouri").

### III. DISCUSSION

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Deciding whether to transfer requires consideration of three factors: (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997). Transfer should be determined after a case-by-case evaluation of the particular circumstances and consideration of all relevant factors. Id.

As a threshold matter, as a diversity case between Breg and Ruddick, both the District of Kansas and the Western District of Missouri would have personal jurisdiction over the parties and subject matter jurisdiction over this case. Therefore, this action could have been brought in either forum, and the Court will focus its attention on the Terra factors.

### A. Convenience of the Parties

In considering the convenience of the parties, courts generally afford deference to a plaintiff's choice of forum. Graff v. Qwest Commc'ns Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Where, however, the plaintiff is not a resident of the forum and the underlying events did not occur in the forum, little or no deference should be afforded to the plaintiff's choice. Burnett v. Wyeth Pharm., Inc., Civil No. 06-4923, 2008 WL 732425, *1 (D. Minn. March 17, 2008).

Minnesota is an inconvenient forum for the parties. None of the parties are located in Minnesota. None of the relevant events or alleged injuries occurred in Minnesota. None of the evidence is located in Minnesota. Indeed, it appears the only connection Minnesota has to this litigation is the fact that Ruddick commenced his lawsuit here. Significant expenses will be expended if the parties are required to travel to Minnesota to litigate this case.

The Western District of Missouri, on the other hand, is a convenient forum for the parties. The events that gave rise to the present cause of action occurred there. Much of the evidence, and at least one of the witnesses, is located there. And, while Ruddick is a resident of Kansas, he lives some twenty miles from the boundary of the Western District of Missouri. See Google Maps, http://maps.google.com (last visited November 19, 2010) (follow "Get Directions"; then enter "Columbus, KS" and "Carl Junction, MO") (showing driving distance from Columbus, Kansas to Carl Junction, Missouri to be seventeen miles). This factor weighs in favor of transfer to the Western District of Missouri.

### B. Convenience of the Witnesses

In analyzing the convenience of the witnesses factor, relevant considerations are the

willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony.  Terra, 119 F.3d at 688.

Minnesota is an inconvenient forum for the witnesses in this case.  Most, if not all, of the anticipated non-party witnesses reside outside of Minnesota, and their willingness to travel cannot be presumed.  Furthermore, most of the anticipated fact witnesses reside outside of Minnesota, and thus outside of the Court's subpoena power.  As such, this factor weighs in favor of transfer to another district.

Between the District of Kansas and the Western District of Missouri, the convenience of the witnesses favors the District of Kansas.  Records, and presumably their custodians, are present in both districts.  However, Breg argues that Dr. Ogden is the only likely fact witness to be called that resides in the Western District of Missouri, whereas multiple fact witnesses residing in the District of Kansas will likely be called.  Therefore, the District of Kansas seems more convenient for the witnesses.  The Court will not afford much weight to this factor in deciding between the two districts, however, as travel for witnesses residing near either Columbus, Kansas or Joplin, Missouri to a federal courthouse in either the District of Kansas or the Western District of Missouri is likely not a significant difference given the proximity of the two locations.  See Google Maps, http://maps.google.com (last visited November 19, 2010) (follow "Get Directions"; then enter "Columbus, KS" and "Joplin, MO")  (showing driving distance between Columbus, Kansas and Joplin, Missouri to be about twenty-six miles).

**C. Interests of Justice**

Relevant considerations for weighing the interests of justice include judicial economy, plaintiff's choice of forum, comparative costs of litigating in each forum, ability to enforce a

judgment, obstacles to a fair trial, conflict of law issues, and advantages of having a local court determine questions of local law. Terra, 199 F.3d at 696.

Ruddick argues that (1) judicial economy favors remaining in Minnesota, (2) his choice of forum should be afforded *some* deference, and (3) all other relevant factors are comparable between the District of Minnesota and any other district. Ruddick's argument is not persuasive because judicial economy does *not* favor keeping this case before the Court. To the contrary, the Court has been inundated by pain pump and other products liability cases that have no significant connection to Minnesota. This flood of discretionary venue cases threatens to overwhelm this District, which currently has the third highest weighted caseload in the country. Statistics Subcomm. of the Judicial Res. Comm. of the Judicial Conference of the United States.

Multidistrict litigation ("MDL") is the proper procedure to enhance judicial economy by litigating similar cases in tandem. This case has not been approved for MDL treatment. See Evans, 2010 WL 2985691 at *3 (noting that pain pump cases were not afforded MDL treatment and forcing de facto MDL treatment by the Court does not serve interests of justice). The deference afforded Ruddick's choice of forum does not outweigh this consideration. As such, the interests of justice dictate that this case should be transferred to another forum.

For its part, Breg argues that transfer is warranted, but that transfer should be to the District of Kansas. Breg argues that the interests of justice require this case to be litigated in Kansas because Ruddick is a resident of Kansas, most anticipated witnesses reside in Kansas, and "Kansas has an interest in litigating the claims of its citizens for actions occurring in its state." Def. Breg, Inc.'s Br. Supporting Trans. to Dist. of Kansas Under § 1404(a) at 4-5.

6

The Court is not persuaded by Breg's arguments in favor of the District of Kansas. Ruddick and some anticipated witnesses may be residents of Columbus, Kansas or nearby areas. However, as noted above, Columbus, Kansas is less than twenty miles from the Western District of Missouri. Furthermore, the state with the greatest interest in this litigation is the state where this cause of action arose–Missouri. As Joplin, Missouri is within the Western District of Missouri, that district has the greatest relationship with this matter.

In sum, as all three factors weigh in favor of transfer, this case will be transferred to another forum. As two of the three transfer factors favor the Western District of Missouri, and the sole factor favoring transfer to the District of Kansas does not merit much weight in this case, this case will be transferred to the Western District of Missouri.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 1404(a), the venue of this case shall be transferred to the United States District Court for the Western District of Missouri.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 19, 2010.